IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARP ELECTRONICS CORPORATION, <br> and <br> SHARP CORPORATION, <br><br> Defendants. | Civil Action No. <br><br> Jury Trial Demanded |

## COMPLAINT

1.  Plaintiff Graphics Properties Holdings, Inc. ("GPH" or "Plaintiff"), for its Complaint against Defendants Sharp Electronics Corporation ("Sharp") and Sharp Corporation ("Sharp Japan") (collectively, "Defendants") hereby alleges as follows:

## PARTIES

2.  Plaintiff GPH is a Delaware corporation with its principal place of business at 56 Harrison Street, Suite 505, New Rochelle, New York 10801.

3.  Defendant Sharp Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business located at 22-22 Nagaike-cho, Abeno-ku, 545-8522 Japan. Sharp Japan is in the business of developing, manufacturing, and selling electronic devices for importation into the United States. Such devices include, but are not limited to, televisions.

4.  Defendant Sharp Electronics Corporation is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 1 Sharp Plaza, Mahwah NJ 07495. Sharp is a United States subsidiary Sharp Japan.

Sharp is in the business of developing, manufacturing, importing, and selling electronic devices. Such devices include, but are not limited to, televisions.

## NATURE OF THE ACTION

5. This is a civil action for the infringement of United States Patent No. 5,896,119 (the "'119 Patent") (attached as Exhibit A) entitled "Removable Backlighting Assembly for Flat Panel Display Subsystem," United States Patent No. 6,359,389 (the "'389 Patent") (attached as Exhibit B) entitled "Flat Panel Display Screen with Programmable Gamma Functionality," United States Patent No. 6,816,145 (the "'145 Patent") (attached as Exhibit C) entitled "Large Area Wide Aspect Ratio Flat Panel Display Having High Resolution For High Information Content Display," and United States Patent No. 7,136,076 (the "'076 Patent") (attached as Exhibit D) entitled "System and Method for Providing a Wide Aspect Ratio Flat Panel Display Monitor Independent White-Balance Adjustment and Gamma Correction Capabilities" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

7. Defendants are subject to personal jurisdiction in the State of Delaware because Defendants regularly transact business in this judicial district and division by, among other things, offering Defendants' products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendants have committed acts of direct infringement of one or more of the claims of the Patents-in-Suit in this judicial district.

8. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because the Defendants are subject to personal jurisdiction in this district and have

committed acts of infringement in this district.

## FACTUAL BACKGROUND

9. Plaintiff GPH is the lawful assignee of all right, title and interest in and to the Patents-in-Suit.

10. GPH was formerly named Silicon Graphics, Inc. As Silicon Graphics, GPH developed technology and intellectual property used in the graphics, computer processing, and display segments. GPH is owned by private investment funds and other institutional investors, following the bankruptcy of Silicon Graphics.

11. GPH continues to manage and license its intellectual property, including the Patents-in-Suit.

## COUNT I

### (Sharp's and Sharp Japan's Infringement of the '119 Patent)

12. Paragraphs 1 through 11 are incorporated by reference as if fully restated herein.

13. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '119 Patent.

14. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '119 Patent. Such devices are consumer electronics and display devices, including but not limited to televisions, such as, but not limited to Defendants' LC-40LE835U Aquos television and other similar devices.

15. Defendants actively, knowingly, and intentionally induced, and continue to

actively, knowingly, and intentionally induce, infringement of the '119 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '119 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

16. Defendants have had knowledge of and notice of the '119 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

17. Defendants have been and continue to be infringing one or more of the claims of the '119 Patent through the aforesaid acts.

18. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Sharp's and Sharp Japan's Infringement of the '389 Patent)

19. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '389 Patent.

21. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or

indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '389 Patent. Such devices are consumer electronics and display devices, including but not limited to televisions, such as, but not limited to Defendants' LC-40LE835U and LC-52LE835U Aquos televisions and other similar devices.

22. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '389 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '389 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

23. Defendants have also contributed to the infringement by others, including the end users of infringing consumer electronics and display devices, and continue to contribute to infringement by others, by selling, offering to sell, and importing the infringing consumer electronics and display devices into the United States, knowing that those products constitute a material part of the inventions of the '389 Patent, knowing those products to be especially made or adapted to infringe the '389 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

24. Defendants have had knowledge of and notice of the '389 Patent and its

infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

25. Defendants have been and continue to be infringing one or more of the claims of the '389 Patent through the aforesaid acts.

26. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III

### (Sharp's and Sharp Japan's Infringement of the '145 Patent)

27. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

28. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '145 Patent.

29. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '145 Patent. Such devices are consumer electronics and display devices, including but not limited to televisions, such as, but not limited to Defendants' LC-26SB28UT, LC-40LE835U, and LC-52LE835U Aquos televisions and other similar devices.

30. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '145 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import

infringing consumer electronics and display devices, all with knowledge of the '145 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

31. Defendants have had knowledge of and notice of the '145 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

32. Defendants have been and continue to be infringing one or more of the claims of the '145 Patent through the aforesaid acts.

33. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV

**(Sharp's and Sharp Japan's Infringement of the '076 Patent)**

34. Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

35. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '076 Patent.

36. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of

the claims of the '076 Patent. Such devices are consumer electronics and display devices, including but not limited to televisions, such as, but not limited to Defendants' LC-40LE835U Aquos television and other similar devices.

37. Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '076 Patent by making, using, offering for sale, importing, and selling infringing consumer electronics and display devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing consumer electronics and display devices, all with knowledge of the '076 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing consumer electronics and display devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing consumer electronics and display devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

38. Defendants have also contributed to the infringement by others, including the end users of infringing consumer electronics and display devices, and continue to contribute to infringement by others, by selling, offering to sell, and importing the infringing consumer electronics and display devices into the United States, knowing that those products constitute a material part of the inventions of the '076 Patent, knowing those products to be especially made or adapted to infringe the '076 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

39. Defendants have had knowledge of and notice of the '076 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continue to commit tortious conduct by way of patent infringement.

40. Defendants have been and continue to be infringing one or more of the claims

of the '076 Patent through the aforesaid acts.

41. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Graphics Properties Holdings, Inc., respectfully requests the following relief:

a) A judgment that U.S. Patent Nos. 5,896,119; 6,359,389; 6,816,145; and 7,136,076 are valid and enforceable.

b) A judgment that Sharp Electronics Corporation has infringed the '119 Patent;

c) A judgment that Sharp Corporation has infringed the '119 Patent;

d) A judgment that Sharp Electronics Corporation has infringed the '389 Patent;

e) A judgment that Sharp Corporation has infringed the '389 Patent;

f) A judgment that Sharp Electronics Corporation has infringed the '145 Patent;

g) A judgment that Sharp Corporation has infringed the '145 Patent;

h) A judgment that Sharp Electronics Corporation has infringed the '076 Patent;

i) A judgment that Sharp Corporation has infringed the '076 Patent;

j) A judgment that GPH be awarded all appropriate damages under 35 U.S.C. § 284 for the Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate GPH for Defendants' infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that GPH be awarded its reasonable attorneys' fees against Sharp and Sharp Japan that it incurs in prosecuting this action

    ii. that GPH be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that GPH be awarded such further relief at law or in equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

42. GPH hereby demands trial by jury on all claims and issues so triable.

DATED:   February 21, 2012

Respectfully submitted,

FARNAN LLP

By: /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

OF COUNSEL:
Martin J. Black -- LEAD ATTORNEY
martin.black@dechert.com
Kevin M. Flannery
kevin.flannery@dechert.com
Robert L. Masterson
robert.masterson@dechert.com
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Counsel for Plaintiff*
*Graphics Properties Holdings, Inc.*